IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 16-cv-2128-WJM

JOYCE E. DEVINE,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

## ORDER AWARDING FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

THIS MATTER comes before the Court upon Plaintiff's request for an award of attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Although the Plaintiff's motion is filed in a bizarre way---leading with a proposed order, followed by a "Memorandum of Law in Support," then separately-docketed certificates of service and consultation, followed by various supporting exhibits, but nowhere actually including anything captioned as a motion---nevertheless, Plaintiff represents the Defendant "has no objection to Plaintiff's request for attorney's fees". (ECF No. 22-3.) Given this lack of opposition and in the interests of judicial economy, upon review of the file the Court will overlook the substantial procedural non-conformity of Plaintiff's filing, and, being fully advised on the premises, the Court HEREBY ORDERS that Plaintiff's request for attorneys' fees is GRANTED.

Plaintiff is hereby awarded $4,326.33 in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), and costs in the amount of $400.00 (*i.e.*, the filing fee), 28

U.S.C. § 2412(a), payable from the Judgment Fund.  Payment of this amount shall constitute a complete release from and bar to any and all claims Plaintiff may have relating to EAJA fees in connection with this action.  This award shall not be used as precedent in any future cases, nor be construed as a concession by the Commissioner that the original administrative decision denying benefits to Plaintiff was not substantially justified.

The EAJA award is without prejudice to Plaintiff's attorney's right to seek attorney's fees pursuant to Social Security Act § 206(b), 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.  See 28 U.S.C. § 2412(c)(1) (2006).

Plaintiff assigned her right to EAJA fees to her attorney.  (ECF No. 22-6 para. 5.)  It is further ordered that if, after receiving the Court's EAJA fee order, the Commissioner (1) determines upon effectuation of the EAJA fee order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (2) agrees to waive the requirements of the Anti-Assignment Act, the fees will be made payable to Plaintiff's attorney.  However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

Dated this 22nd day of November, 2017.

BY THE COURT:

_____
William J. Martinez
United States District Judge